IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60159
Conference Calendar

_____

JAMES EARL WILLIAMS,

                                        Plaintiff-Appellant,

versus

A.M. PHILLIPS, Medical Director;
JOHN DIAL; EDWARD HARGETT, Superintendent,
Mississippi State Penitentiary;
EDDIE LUCAS, Commissioner,
Mississippi Department of Corrections,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:93-CV-195-B
- - - - - - - - - -
October 23, 1996
Before POLITZ, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

     James Earl Williams, #53360, a prisoner in the Mississippi
Department of Corrections (MDOC) at Parchman, filed a pro se, in
forma pauperis (IFP), civil rights action under 42 U.S.C. § 1983
against medical and supervisory employees of the MDOC.  The

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

district court did not abuse its discretion by dismissing the suit as frivolous.  Denton v. Hernandez, 504 U.S. 25, 31-34 (1992).

Williams did not allege that the prison medical staff was deliberately indifferent to his serious medical needs.  See Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994); Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994).  Williams was merely dissatisfied with the medical treatment he received.  Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

With respect to Superintendent Hargett and Commissioner Lucas, Williams simply alleges vicarious liability.  A defendant cannot be held liable under § 1983 on a theory of vicarious liability, including respondeat superior.  See Baskin v. Parker, 602 F.2d 1205, 1207-08 (5th Cir. 1979).  "Personal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983).

The district court did not abuse its discretion in denying Williams's request for appointment of counsel.  Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED.