IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20363
Summary Calendar

_____

ANTHONY MOORE, JR.,

Plaintiff-Appellant,

versus

ANTHONY BUTLER; RANDALL P. MEDLEY;
CARL D. VEST; HORACE W. FREZIA; CRAIG BARROW,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-1552

_____

March 17, 2000

Before POLITZ, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

Anthony Moore, Jr., Texas prisoner # 517882, contends that the district court

erred in granting the defendants' motion for summary judgment, dismissing his 42

U.S.C. § 1983 complaint. He alleges that he was subjected to the use of excessive

force by defendants Anthony Butler, Randall Medley, Carl Vest, and Craig Barrow,

that they conspired to fabricate a false disciplinary charge against him involving an

alleged incident, and that defendant Horace Frezia denied him due process of law by

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding him guilty of that disciplinary charge.

Moore has demonstrated the existence of a genuine issue of material fact with respect to whether Officer Butler was acting in good faith to restore discipline or acting maliciously without provocation at the time of the incident, and whether Officers Vest and Barrow should have taken reasonable measures to protect him from Butler's use of force. There are also genuine issues of material fact regarding the nature and extent of Moore's injuries, if any, arising out of the incident.

Moore has acquitted his burden of raising specific facts in his verified pleadings reflecting the existence of a genuine issue for trial with respect to his claim against Officers Butler, Vest, and Barrow. Accordingly, the district court erred in granting the defendants' motion for summary judgment, dismissing the claim against those officers.[2] The district court did not err in dismissing Moore's claim against Officer Medley, because Moore did not allege that Medley participated in or was present during the use of force.[3]

Nor did the district court err in granting summary judgment on Moore's due process claim stemming from the allegedly false disciplinary charge and hearing. An inmate's allegation of factual innocence is not actionable under § 1983 if his disciplinary proceeding was otherwise fair and adequate.[4] The record reflects that

---

[2]**Celotex Corp. V. Catrett**, 477 U.S. 317 (1986); Fed. R. Civ. Pro. 56(e); **Hudson v. McMillian**, 503 U.S. 1 (1992).

[3]**Thompson v. Steele**, 709 F.2d 381(5th Cir. 1983).

[4]**Collins v. King**, 743 F.2d 248 (5th Cir. 1984).

Moore received the process due to him in connection with the disciplinary hearing.[5] Moore has asserted no facts supportive of the charge that defendants conspired to fabricate the disciplinary charge. He therefore has not stated a valid constitutional claim.[6] Further, neither placement in solitary confinement for fifteen days nor loss of opportunity to earn good conduct time credits constitutes constitutional violations.[7]

The dismissal of the complaint is AFFIRMED IN PART, VACATED IN PART, and the case is REMANDED for further proceedings respecting Moore's claims against Butler, Barrow, and Vest.

Moore's request for appointment of appellate counsel is DENIED; his appeal does not present exceptional circumstances warranting such an appointment.[8]

AFFIRMED IN PART, VACATED and REMANDED IN PART.

---

[5]**Banuelos v. McFarland**, 41 F.3d 232 (5th Cir. 1995).

[6]**Wilson v. Budney**, 976 F.2d 957 (5th Cir. 1992).

[7]**Martin v. Scott**, 156 F.3d 578 (5th Cir. 1998); **Luken v. Scott**, 71 F.3d 192 (5th Cir. 1995).

[8]**Ulmer v. Chancellor**, 691 F.2d 209 (5th Cir. 1982).