United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40808
Conference Calendar

DAVID GUERRERO-AGUILAR,

Plaintiff-Appellant,

versus

MANUEL RUANO; LYNN WEISS; FCI THREE RIVERS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CV-122
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Guerrero-Aguilar (Guerrero), federal prisoner # 94621-079, appeals the district court's dismissal of his Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), action for failure to state a claim. Guerrero sued FCI Three Rivers; Manuel Ruano, the Health Services Administrator; and Lynn Weiss, a Health Services assistant, asserting that he was being denied eye surgery recommended by an ophthalmologist. The district court determined that Guerrero had not alleged personal involvement or supervisory liability on the part of any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the defendants.  The district court also held that Guerrero had failed to state an Eighth Amendment claim based on deliberate indifference.

Guerrero contends that the district court erred in dismissing his complaint because the eye drops, acetaminophen, and eye glasses he received as treatment are insufficient to resolve the severe pain he is suffering.  He asserts, for the first time on appeal, that Ruano has ignored his requests for eye surgery.

We review the district court's dismissal of Guerrero's complaint for failure to state a claim de novo.  See Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).  Bivens provides a cause of action against federal agents only in their individual capacities and requires a showing of personal involvement. Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983); see Izen v. Catalina, 382 F.3d 566, 570 n.3 (5th Cir. 2004) (recognizing Bivens and 42 U.S.C. § 1983 actions are analogous).  Despite the district court's request for Guerrero to provide a more definite statement of "how each defendant was personally involved in the alleged denial of medical care," Guerrero made no such allegations before the district court.  We decline to consider Guerrero's assertion that Ruano ignored Guerrero's requests for eye surgery because it is raised for the first time on appeal.  See Leverette v. Louisville Ladder Co.,

183 F.3d 339, 342 (5th Cir. 1999). Accordingly, the district court did not err in dismissing Guerrero's complaint for failure to state a claim.

Guerrero's appeal is without arguable merit and is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of the complaint and the dismissal of this appeal as frivolous both count as "strikes" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Guerrero is cautioned that if he accumulates three "strikes," he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.