United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20755
Conference Calendar

_____

SCOTT A. SAMFORD, JR.,

                                        Plaintiff-Appellant,

versus

WARDEN C. S. STAPLES; R. CLEEVE, Correctional
Officer V Extortion Officer; SERGEANT STEVENS,
Gang Intelligence; SHELIA TORRES, Correctional
Officer IV; D. JOHNSON,

                                        Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-351
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Scott A. Samford, Jr., Texas prisoner # 835644, appeals the

dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for

failure to state a claim.  He argues that his complaint alleged a

deprivation of property under the Due Process Clause.

        Where a prisoner alleges, as Samford does, that the random

and unauthorized actions of a state officer deprived him of his

property, due process is satisfied if state law provides an

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adequate post-deprivation remedy.  See Sheppard v. Louisiana Bd. of Parole, 873 F.2d 761, 763 (5th Cir. 1989).  Texas has such a remedy.  See Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983).

Samford also asserts that the district court erred by refusing to allow him to add a defendant or engage in discovery and that prison officials deliberately and illegally destroyed his property.  Samford has abandoned these claims by failing to brief them adequately.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the district court did not err in dismissing Samford's complaint as frivolous and for failure to state a claim.  See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).  Samford's appeal lacks arguable merit and is dismissed as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The dismissal of the § 1983 complaint and this dismissal count as two strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Samford is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.