# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2007

Charles R. Fulbruge III
Clerk

No. 06-20717
Summary Calendar

SCOTT A SAMFORD, JR

                                        Plaintiff-Appellant

v.

ASSISTANT WARDEN C S STAPLES; LIEUTENANT MS K PITTMAN;
OFFICER RODNEY BACKHUS, Corrections Officer V; SHELIA TORRES,
Corrections Officer IV; DOUGLAS DRETKE, Division Director; SARGENT G
STEVENS; WARDEN MERCHANT, Senior Warden

                                        Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-279

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Scott A. Samford, Jr., Texas prisoner # 835644, appeals the dismissal of his civil rights complaint alleging constitutional violations arising from an order to strip in a public hallway, a subsequent strip-search, and a disciplinary proceeding. Samford claimed the incidents were part of a "harassment campaign" in retaliation for Samford exercising his First Amendment right of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

access to the courts. Samford sought compensatory "damages for humiliation, embarrassment, heartache, distress and depression," as well as punitive damages. The district court dismissed Samford's complaint for failure to state a claim. Samford timely appealed.

This court reviews a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted under the same de novo standard as a dismissal under FED. R. CIV. P. 12(b)(6). Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp., 127 S. Ct. at 1965 (quotation marks, citations, and footnote omitted).

The district court held that 42 U.S.C. § 1997e(e) barred Samford's claim for compensatory damages because he alleged no physical injury. This court has held that § 1997e(e) prevents a prisoner who has not alleged a physical injury from seeking compensatory damages. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Samford alleged he suffered humiliation, embarrassment, heartache, distress, and depression, but no physical injury, resulting from the strip search and disciplinary sanctions. His vague argument, raised for the first time on appeal, that he suffered a wrist injury at some unspecified point in time through unspecified events is unavailing; § 1997e(e) precludes his claim for compensatory damages. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Samford also requested punitive damages. The court need not decide whether § 1997e(e) bars a claim for recovery of punitive damages in the absence of a physical injury, however, because Samford fails to show a constitutional violation.

Samford claimed that the order to strip for a search was given in retaliation for Samford's prior lawsuit against certain prison staff. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his . . . exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir.1999). Even assuming that Samford could show that his prior lawsuit was an exercise of his First Amendment right of access to the courts, Samford's complaint alleged no facts showing intent to retaliate for that exercise on the part of any of the prison staff involved in the strip search. Samford also failed to allege facts showing a causal connection between his prior lawsuit and the orders to submit to a strip search. His conclusory arguments that the intent and causation existed are insufficient to support his claim.

Samford argues on appeal that he had a "state imposed liberty interest" to be free from the order to strip in public and the strip search generally. States may create liberty interests that will be protected by the Due Process Clause. See Sandin v. Connor, 515 U.S. 472, 483-84 (1995). However, "these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Samford has alleged no facts showing that the order or the search itself imposed hardships atypical of ordinary prison life and, therefore, he has failed to show a liberty interest protected by the Due Process Clause. See id. at 485-86.

Samford additionally challenges the district court's finding that the disciplinary proceedings did not violate his due process rights. The disciplinary sanctions included curtailed recreation and commissary privileges, assignment of extra duty, temporary solitary confinement, and a reduction in his classification status. Because the sanctions imposed upon Samford did not represent atypical or significant hardships, they did not infringe upon a

constitutionally protected liberty interest and the disciplinary hearings that resulted in those sanctions did not implicate the Due Process Clause.

Samford argues that, because he was locked up during the holiday season and had "all property confiscated," the punishment imposed constituted an "a-typical hardship. No one else ever suffered these deprivations." Samford fails to allege facts showing that confinement during a holiday is atypical. Nor does he allege specific facts showing that either the holiday confinement or the personal items removed from his cell imposed a significant hardship on him in particular. His conclusional argument that no other inmate had "ever" suffered the same deprivations is not credible and is insufficient to state a claim. Even taking all of Samford's allegations as true, he has not pleaded sufficient facts to support a violation of the Due Process Clause. See Bell Atl. Corp., 127 S. Ct. at 1965.

Samford argues that the district court erred in denying his motions for appointment of counsel, claiming that he would have had a better result with appointed counsel and that his lack of legal knowledge requires the appointment of counsel. This court reviews the denial of a motion for appointment of counsel for a clear abuse of discretion. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). There is no automatic right to counsel in a civil rights action, however counsel may be appointed in such suits under "exceptional circumstances." Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); Cupit, 835 F.2d at 86. Samford's case did not present such exceptional circumstances and the district court did not abuse its discretion in denying the motion.

Samford's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; see also Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). In Samford v. Staples, 231 F..App'x 374 (5th Cir. 2007), this court dismissed a prisoner civil rights appeal by Samford and issued a 28 U.S.C. § 1915(g) sanctions warning. With this court's dismissal of the instant appeal, Samford has now accumulated three "strikes" for purposes of § 1915(g). See

*Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Samford is now barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.