Frank Betancourt, Henry Wade, Dist. Atty., Charles J. Baldree, Asst. Dist. Atty., Dallas, Tex., for respondent-appellee.

**Buddy J. LOFTIN, Petitioner-Appellant,**

v.

**Carl THOMAS, Sheriff, Respondent-Appellee.**

No. 82–1009
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 26, 1982.

Rehearing Denied Aug. 25, 1982.

Before RUBIN, JOHNSON and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Buddy J. Loftin, a prisoner at the Coffield Unit of the Texas Department of Corrections, Tennessee Colony, Texas, seeks in this *pro se* civil rights action to recover damages from Carl Thomas, Sheriff of Dallas County, Texas, on the ground that the sheriff, in his official capacity, lost some of Loftin's personal property. The action is based on 42 U.S.C. § 1983. Finding that Loftin has not been denied due process of law, we dismiss the suit without prejudice to Loftin's right to sue in state court.

Loftin alleges that in April 1979 he was placed in the Dallas County Jail. At that time, an unknown deputy sheriff took his personal property: shoes, blue jeans, belt, shirt, shorts, T-shirt, and socks. Loftin discovered that his clothes, valued at $108.38, were missing when he had to go to court

sometime in June or July. He seeks awards of $108.38 for the lost property, $50 for his wife's expense to bring him more clothes, and $10,000 for his "mental stress and strain." The district court granted the sheriff's motion for summary judgment and dismissed the case, citing *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), as authority.

Loftin's claim is based on negligent deprivation of his property without due process of law, as indeed it must be, for § 1983 would permit relief only if he has been denied a federal right, in this case, due process of law. *Parratt* held that, when prison officials negligently lose a prisoner's property, there is no denial of due process if an adequate state remedy exists, for the state's provision of a right to restitution after the loss affords the prisoner due process. Although the district court did not explicitly rule on whether an adequate state remedy existed at the time of the loss, it appears that such a remedy does exist. Three Texas statutes provide Loftin with a remedy: Tex.Rev.Civ.Stat.Ann. arts. 6870, 6252–19b, and 6252–26. Article 6870 provides that a sheriff shall be responsible for the official acts of his deputies; Article 6252–19b provides for the payment of damages resulting from the negligence of officers and employees of political subdivisions; Article 6252–26 provides that the State of Texas shall be liable for claims based on specified conduct, including negligent conduct, of state officers and employees. All three articles were in effect on the date of Loftin's alleged loss. Moreover, the state remedy appears to be adequate in that the limitation on liability is set at $10,000 for a single occurrence of injury of or damage to property. *See* arts. 6252–19b(2)(b) and 6252–26(1)(b). To satisfy the requirement of due process, the state remedy need not provide relief coextensive with that afforded by § 1983. *Parratt v. Taylor*, 101 S.Ct. at 1917.

Accordingly, the judgment is AFFIRMED. If our determination of Texas law is correct, Loftin may seek his remedy in state court. If the Texas courts should,

for any reason except the lack of merit of his claim, deny relief, Loftin may once again seek § 1983 relief.