**John Calvin THOMPSON,
Petitioner-Appellant,**

v.

**L.A. STEELE, et al.,
Respondents-Appellees.**

No. 82–2467

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 11, 1983.

Certiorari Denied Oct. 11, 1983.
See 104 S.Ct. 248.

---

John Calvin Thompson, pro se.

Barbara J. Lipscomb, Asst. Atty. Gen., Austin, Tex., for respondents-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Thompson, an inmate at the Walls Unit of the Texas Department of Corrections (TDC) seeks to recover damages from the director of the department of corrections, the warden of the Walls Unit, and a corrections officer for failure to deliver a mailgram informing him of the death of his father. Concluding that the claim is essentially one of negligence in performing a legal duty and that state law affords an adequate remedy for this tort, we affirm the district court's dismissal of the suit.[1]

■■■ The allegations of the pro se complaint do not make it clear whether recovery is sought on the basis that the defendants are responsible for someone else's conduct in losing the letter, which is called vicarious liability, or whether it is contended that one or more of them was personally negligent. Certainly § 1983 does not give a cause of action based on the conduct of subordinates. *Monell v. New York Department of Social Services,* 436 U.S. 658, 693, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). Personal involvement is an essential element of a civil rights cause of action. *See Rizzo v. Goode,* 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 604–05, 607, 46 L.Ed.2d 561 (1976) (affirmative link needed between injury and conduct of defendant).

Thompson's pleadings show that each of the defendants is a supervisory corrections officer. The natural inference is that none of them had any direct responsibility for delivery of the mailgram, and Thompson does not allege that any of them had any such duty or actually knew either of its arrival or its nondelivery. In his appellate brief, however, Thompson has expanded his factual allegations. He states:

Major Steele [one of the appellees] informed me that he was on duty at the time [the mailgram] arrived and he was responsible for the mailgram, but he simply overlooked the mailgram.

He argues:

Then the question is, what happened to the mailgram after being delivered to TDC[?] Who has the mailgram at the

---

1. The district court granted a motion to dismiss on behalf of all the defendants because he relied in part on the thesis that the settlement of a separate class action challenging TDC's mail regulations barred an individual action for damages. *See Guajardo v. Estelle,* 580 F.2d 748 (5th Cir.1978). However the settlement agreement in the *Guajardo* class action specifically reserves individual causes of action for damages. Accordingly, the disposition of this appeal turns entirely upon the merits of Thompson's claim.

present time or did someone knowingly and intentionally destroy the mailgram after the mailgram was overlooked for a period of time [?]

Thompson has thus suggested the possibility that Steele's personal involvement might be inferred. However, even if he is afforded the opportunity to amend his complaint, his claim against Steele appears to be at the most that Steele negligently overlooked and failed to deliver the mailgram.

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court held that an inmate negligently deprived of a hobby kit failed to state a cause of action under 42 U.S.C. § 1983 (Supp. V 1981) because the plaintiff had an adequate remedy at state law. Therefore, the Court held, the deprivation of the plaintiff's property occasioned by the state official's negligence was not without due process of law.

 Thompson has failed to state a claim for the same reason that the inmate in *Parratt* was unable to allege a federal cause of action. He has an adequate remedy by virtue of his right to maintain a damage action against the alleged offender in the Texas state courts.[2] *See Loftin v. Thomas*, 681 F.2d 364 (5th Cir.1982). The adequate state remedy forecloses Thompson's claim.[3]

The judgment of the district court is, therefore, AFFIRMED.

---

2. Thompson states in brief that he has exhausted grievance procedures in the Texas penal system. He states that the result was information from the responsible official that "he simply overlooked the mailgram." He states that the replies to his later grievances were similarly unhelpful: the first stated: "There is nothing else I can add to this explanation." The second stated: "The reason for oversight was explained to you. This office is satisfied with the action taken . . . in regard to the matters set forth in your grievance." If this is indeed correct, then it is evident why such unresolved greivances find their way into the federal and state court systems.

3. Should the Texas courts deny Thompson's claim for any reason other than lack of merit, he may again seek federal relief. *Loftin,* 681 F.2d at 365.