IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20552
Conference Calendar

_____

WILLIAM F. BEASLEY,

Plaintiff-Appellant,

versus

JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; P.D. NGUYEN, Dr.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-94-CV-1718
- - - - - - - - - -
October 24, 1996
Before POLITZ, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

William F. Beasley, Texas prisoner # 635951, proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, against James A. Collins, then Director of the Texas Department of Criminal Justice (TDCJ), and P.D. Nguyen, M.D., alleging a delay in, and a denial of, adequate medical treatment. Beasley's allegations against Dr. Nguyen are not

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

actionable under § 1983.  Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991)(prisoner's disagreement with his medical treatment will not support a § 1983 claim).  Beasley has failed to allege personal conduct by Collins that would warrant relief under § 1983.  See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983)("Personal involvement is an essential element of a civil rights cause of action.").

The decision of the district court is AFFIRMED.