IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50357
Summary Calendar
_____

CLAUDIO A. DONELLI,

                                        Plaintiff-Appellant,

versus

TERRY D. FOSTER; PIERCE, Captain; HORN, Major;
BARKLEY, Captain; COOK, Sergeant; LERMA, Officer;
ROMEISER, Officer; GUERRA, Officer; TDC CRIME STOPPERS;
SHERIFF, PECOS COUNTY,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-96-CV-80
- - - - - - - - - -
December 24, 1997
Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Claudio Andrew Donelli, No. 693226, a Texas state prisoner,
appeals the district court's dismissal as frivolous, pursuant to
28 U.S.C. § 1915(e)(2)(B)(i), of his 42 U.S.C. § 1983 action.

     Donelli has not alleged an injury associated with his claim
that one of the defendants impeded his access to the court.
Lewis v. Casey, 116 S. Ct. 2174, 2179-81 (1996).  Donelli's

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claims against Lerma and Cook for verbal threats and profanity do not amount to a constitutional violation. See Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993). The district court did not abuse its discretion by dismissing Donelli's excessive-use-of-force claim, as asserted in the district court. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (Eighth Amendment standards apply in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering).

Donelli's allegations that he suffered a physical injury, that the defendants did not protect him, that the defendants filed unwarranted disciplinary reports against him, and that he was subjected to punishment, including the loss of good time based on retaliatory claims are raised for the first time on appeal and are reviewed for plain error. See Highlands Ins. Co. v. National Union Fire Ins. Co., 27 F.3d 1027, 1031-32 (5th Cir. 1994) (applying, in civil case, plain error analysis of United States v. Olano, 113 S. Ct. 1770 (1993)), cert. denied, 115 S. Ct. 903 (1995). Donelli's allegations do not demonstrate a constitutional violation and do not rise to the level of the obvious error required to meet the standard for plain error. See Robertson v. Plano, 70 F.3d 21, 23 (5th Cir. 1995).

Donelli abandoned his claim that Officers Lerma and Romeiser conspired to accuse him of a false disciplinary charge by failing to brief the claim properly. See Fed. R. App. P. 28(a)(6); see

Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Donelli's conclusional allegations are insufficient to demonstrate a conspiracy.  See Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).  By failing to allege that any of the defendants were responsible for Donelli's alleged denial of continued, necessary medical treatment for his psychological condition, Donelli has failed to state a § 1983 claim.  See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) (personal involvement is an essential element of a civil rights cause of action).

Accordingly, we affirm the district court's dismissal of Donelli's civil right complaint.

AFFIRMED.