IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40920
Summary Calendar
_____

TIMOTHY G. FERGASON,

Plaintiff-Appellant,

versus

J.B. SMITH, Sheriff, Smith County;
RAYMOND PERKINS, Doctor, UT Health Center;
SMITH COUNTY; UT HEALTH CENTER,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-776
- - - - - - - - - - -

July 6, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Texas prisoner Timothy G. Fergason appeals the district court's summary-judgment dismissal of his 42 U.S.C. § 1983 civil rights lawsuit alleging deliberate indifference to his serious medical needs. Fergason does not brief any argument in connection with the district court's dismissal of his claims against University of Texas Health Center and Dr. Raymond Perkins

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in his official capacity, and those claims are therefore waived.

See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments not briefed on appeal are abandoned); Fed. R. App. P. 28(a).

Fergason has failed to allege that Sheriff Smith was personally involved in the alleged denial of medical care, and he has not demonstrated that Sheriff Smith participated in any wrongful conduct which caused the alleged denial of care. His claim against Sheriff Smith therefore fails. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983)(personal involvement is an essential element of a § 1983 claim); see also Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987)(absent personal involvement, supervisory liability can be established only if the plaintiff demonstrates a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation). His argument that Sheriff Smith is liable because he was negligent in failing to train his jail staff adequately regarding medical care is insufficient to state a claim of deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991)(allegations of negligence do not rise to the level of an Eighth-amendment violation).

Fergason's claim against Smith County is equally unavailing because he has not alleged an official custom or policy or the ratification of an unofficial custom or policy which led to the alleged denial of medical treatment. See Monell v. Dep't. of Soc. Servs. of City of New York, 436 U.S. 658, 690-91 (1978); Scott v. Moore, 114 F.3d 51, 54 (5th Cir. 1997). The competent

summary-judgment evidence demonstrates that Dr. Perkins did not examine or treat Fergason during the time in question, and the claim against Dr. Perkins in his individual capacity also fails. See Thompson, 709 F.2d at 382 .

Fergason has failed to demonstrate any error in connection with the district court's judgment. Accordingly, it is AFFIRMED. Fergason's motion to supplement the record is DENIED.

AFFIRMED; MOTION DENIED.