IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10128
Summary Calendar

_____

ROBERT PAUL VAUGHN,

Plaintiff-Appellant,

versus

DICKENS COUNTY CORRECTIONAL CENTER,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:98-CV-247-C
- - - - - - - - - -
November 1, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Robert Paul Vaughn, Texas prisoner # 619260, appeals the district court's partial dismissal and summary-judgment denial of his 42 U.S.C. § 1983 civil rights complaint. On appeal he argues (1) that the district court erred when it dismissed as frivolous his claim that overcrowding at the Dickens County Correctional Center (DCCC) resulted in unconstitutional prison conditions; (2) that the district court erred when it dismissed as frivolous his claim that the defendant failed to protect him from assault by a fellow inmate; (3) that the district court erred when it

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted summary judgment on his equal-protection claims; (4) that he failed to receive notice of the hearing for defendant's motion for summary judgment; and (5) that the district court erred when it denied his motion for appointment of counsel. Vaughn also has filed with this court a motion for appointment of counsel and a motion for an expedited appeal. These motions are DENIED.

To the extent that Vaughn seeks a declaratory judgment and injunctive relief, his claims are moot because he no longer is incarcerated at DCCC. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991). Vaughn has not stated a viable § 1983 complaint for money damages either. He named the DCCC as the only defendant in his complaint. As a state instrumentality, DCCC is immune from a civil suit for money damages under the Eleventh Amendment. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). Furthermore, even if DCCC were an entity capable of being sued, Vaughn's theory of liability depends on a finding of respondeat superior or vicarious liability, but he fails to identify the individuals personally responsible for the alleged constitutional deprivations. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)(holding that personal involvement is an essential element of a civil rights cause of action). In a § 1983 claim, recovery is not available based on respondeat superior. *See Baskin v. Parker*, 602 F.2d 1205, 1207-08 (5th Cir. 1979).

Accordingly, the district court's judgment is AFFIRMED. *See Bickford v. International Speedway Corp.*, 654 F.2d 1028, 1031

(5th Cir. 1981)(this court may affirm on grounds different from those employed by the district court).

AFFIRMED; MOTIONS DENIED.