IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51025
Summary Calendar
_____


MOHAMMAD MUNIR ASIF; ET AL.,

                                        Plaintiffs,

MOHAMMAD MUNIR ASIF,

                                        Plaintiff-Appellant,

versus

AUDREY L. SMITH; ISRAEL ALVAREZ;
JUANITA DORMAN, Class Supervisor;
GARY JOHNSON; RAYMOND BILLINGTON,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-98-CV-44
- - - - - - - - - -
October 10, 2001

Before JOLLY, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Mohammad Munir Asif, Texas prisoner # 678395, appeals from
the district court's grant of summary judgment dismissing his 42
U.S.C. § 1983 complaint.  This court reviews the grant of summary
judgment de novo.  Horton v. City of Houston, 179 F.3d 188, 191
(5th Cir.), cert. denied, 528 U.S. 1021 (1999).  Although inmates
retain their First Amendment right to exercise religion, this

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

right is subject to reasonable restrictions and limitations necessitated by penological goals.  O'Lone v. Shabazz, 482 U.S. 342, 348 (1987).

Regarding the single instance of the denial of access to a Jumu'ah service on account of construction in the area, Asif's unsupported conclusion that other alternatives could have been implemented is insufficient to rebut the deference to be accorded prison officials in matters of prison administration.  Ganther v. Ingle, 75 F.3d 207, 211-12 (5th Cir. 1996).  Regarding the denial of access to the Idul-Adha celebration, Asif failed to demonstrate that he was entitled to attend the service.  Regarding the denial of the dayroom as a location for prayer, Asif has failed to demonstrate that the restriction was unreasonable.  Turner v. Safely, 482 U.S. 78, 89-90 (1987).  Nor has Asif demonstrated that any of the defendants were personally involved in the denial of a pork-free diet or religious materials.  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Asif's conclusory allegations of retaliation are insufficient to defeat a summary judgment motion.  Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).  Finally, Asif's claim that the district court erred in failing to resolve the issue of class certification is without merit as no party ever requested class certification.  Accordingly, the judgment of the district court is AFFIRMED.