United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-60848
Summary Calendar

———————————

FRED HINES; GENEVA HINES,

Plaintiffs-Appellants,

versus

STEVE PUCKETT, Commissioner of
Mississippi Department of Corrections,
Individually; JAMES ANDERSON,
Superintendent of Parchman, Individually;
JEFFERY THOMPSON, Individually;
K. ROSS, Individually; R. RICE,
Individually; STANLEY RUSSELL,
Medical Director, Individually;
JOHN DOES, 1-20 In Their Individual
and Official Capacity; UNKNOWN HUNTER,
Officer, Individually,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CV-538-WS

———————————

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Fred Hines and Geneva Hines appeal from the

———————————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's grant of summary judgment, on the basis of qualified immunity, for James Anderson, Superintendent at Parchman, Mississippi Department of Corrections (MDOC). The plaintiffs' civil rights suit stems from the suicide of their son, Clinton Hines, a prisoner then housed at Parchman. After a *de novo* review of the record, we affirm.

The plaintiffs argue that Anderson was deliberately indifferent to a dangerous condition created by Parchman's "Pharmacy Distribution Program," and thus violated Clinton Hines's Eight Amendment rights. The evidence does not reflect Anderson's personal involvement. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Nor does it reflect that Anderson was involved in the implementation of the Pharmacy Distribution Program. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Moreover, the plaintiffs have failed to demonstrate a genuine issue of material fact that Anderson was subjectively aware *either* that Clinton Hines posed a substantial suicide risk *or* that the prison's policies concerning prescription drugs posed a substantial risk of increased inmate actual or attempted suicide. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Accordingly, summary judgment was proper even if we were to adopt the views expressed in Judge Kravitch's concurring opinion in *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1541 (11th Cir. 1994). The alleged "'failure to alleviate a significant risk that [the official]

2

should have perceived, but did not' is insufficient to show deliberate indifference." *Domino v. Texas Dept of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Farmer*, 511 U.S. at 838).

AFFIRMED.