United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-41708
Summary Calendar

EFRAIN MALDONADO, JR.,

Plaintiff-Appellant,

versus

DANIEL DICKERSON, Correctional Officer;
MARVIN OGLETREE, Correctional Officer; KEVIN BASS,
Correctional Officer; JOHNNY THOMPSON, SR.,
Correctional Officer; STEPHEN FARMER,

Defendants-Appellees.

-------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-184
-------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Efrain Maldonado, Jr., Texas prisoner # 459751, appeals from the dismissal of his civil rights

claims as frivolous pursuant to 28 U.S.C. § 1915A as to defendants Dickerson, Thompson, Bass, and

Farmer and from the grant of summary judgment for Ogletree. We review dismissals under § 1915A

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). We also review a district court's grant of summary judgment *de novo*. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

Maldonado argues that the district court erred in dismissing his claims against Dickerson, Thompson, Bass, and Farmer as frivolous. The district court did not err in dismissing the excessive-use-of-force claims against these defendants for lack of personal involvement in a constitutional deprivation. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Maldonado failed to set forth a nonfrivolous conspiracy claim. *See Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999). Maldonado has not demonstrated plain error with respect to his failure-to-intervene claim. *See Crawford v. Falcon Drilling Co., Inc.*, 131 F.3d 1120, 1123 (5th Cir. 1997); *cf. Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).

Maldono argues that the district court erred in granting summary judgment for Ogletree on his excessive-use-of-force claim. The undisputed facts support the district court's determination that the force was applied in a good-faith effort to maintain or restore discipline rather than maliciously and sadistically to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

Maldonado has not demonstrated an abuse of discretion in the district court's grant of a protective order as to discovery. *See Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir. 1990).

AFFIRMED.