United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30446
Summary Calendar

MYCHEAL CALLOWAY,

                                Plaintiff-Appellant,

versus

AMANDA COWAN; GARY CARTER; NOLAN VEALS; DONALD LAMANA; BURL CAIN;
RICHARD L. STALDER,

                                Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-102
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

     Mycheal Calloway, Louisiana prisoner # 96740, appeals from

the dismissal of his 42 U.S.C. § 1983 suit, wherein he alleged

that the defendants were deliberately indifferent to his serious

medical needs.  The district court dismissed the suit for failure

to state a claim upon which relief could be granted.  With the

benefit of liberal construction, Calloway argues that the

district court incorrectly dismissed his official capacity claims

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that he sufficiently stated facts to raise a claim for a constitutional violation for the denial of adequate medical care

A district court's ruling on a FED. R. CIV. P. 12(b)(6) motion for failure to state a claim is reviewed de novo. Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The motion may be granted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id. The plaintiff's factual allegations, though not his conclusional allegations or legal conclusions, are accepted as true. Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

Calloway's complaint named the defendants in both their official and individual capacities. The district court correctly dismissed the official capacity claims because official capacity suits are treated the same as suits against the state, and Eleventh Amendment immunity applies to state officials when sued in their official capacities. See Hafer v. Melo, 502 U.S. 21, 26 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Calloway argues that defendants Cain and Stalder are responsible for the conduct of their subordinates. Calloway is effectively relying on a respondeat superior theory that is not cognizable under § 1983. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Calloway fails to show that Cain and Stalder were personally involved in a constitutional deprivation

or that their acts were causally connected to the constitutional violation alleged. See id. at 304; Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Calloway also argues that Emergency Medical Technicians Carter and Cowan were deliberately indifferent and failed to provide adequate medical care for a spider bite. Calloway's complaint shows that both defendants examined Calloway when he sought medical attention on June 26, 2003, that Carter scheduled him for a follow-up visit with the doctor the next day, and that Cowan provided him with pain medication. Calloway makes no allegation that either defendant was further involved in his medical treatment. Calloway fails to show that the defendants refused to treat him, ignored his complaints, or intentionally treated him incorrectly. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). At most, he has alleged a disagreement with the course of his treatment and a claim for negligence, which are not cognizable. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Calloway has not addressed the district court's dismissal of his claims against defendants Veals and Lamana or his claim that he was subject to an unfair disciplinary report. Accordingly, those claims are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). The district court's judgment is affirmed.

The district court's dismissal of Calloway's complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Calloway is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.