# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-50280
Conference Calendar

LARRY LEE BUTLER

Plaintiff-Appellant

v.

Correctional Officer TERRY MOLINAR; Lieutenant KENNETH ADAMS

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:07-CV-23

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Larry Lee Butler, Texas prisoner # 1116378, moves for leave to proceed in forma pauperis (IFP) on appeal following the district court's determination that his appeal is not taken in good faith. Butler moves for appointment of counsel and for leave to file a supplemental brief; these motions are denied.

Butler appeals from the district court's disposition of his 42 U.S.C. § 1983 action. Butler contends that he was deprived of due process when the defendants took his clip-on shades and that the defendants committed theft by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

taking his shades. He further contends that he was retaliated against for availing himself of the legal system.

Because Texas has adequate postdeprivation remedies for the confiscation of prisoner property, Butler may not raise this claim under § 1983. See Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983). Moreover, Butler has failed to allege a chronology of events indicating retaliation against him. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Butler's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. The district court's dismissal of Butler's complaint and this court's dismissal of his appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Butler has one previous strike. Butler v. Tucker, No. 4:96-CV-00379-A (N.D. Tex. May 31, 1996). Because Butler has now accumulated three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.