# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50982
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2017

Lyle W. Cayce
Clerk

ROBERT J. BACK,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION; UNIVERSITY OF TEXAS MEDICAL BRANCH CORRECTIONAL MANAGED HEALTH CARE; VALENCIA POLLARD; TERI SMITH,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:14-CV-301

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Robert J. Back, Texas prisoner # 1465630, filed a lawsuit regarding events that took place while he was housed at the Hughes Unit of the Texas Department of Criminal Justice – Institutional Division (TDJC). Finding no error in the district court's grant of summary judgment to the defendants, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50982

I

Back is severely disabled in his left leg and requires orthotic shoes and knee braces to aid him in walking. In September 2012, a doctor at the Hughes Unit referred Back to the Brace and Limb Program (BLP) for a pair of replacement shoes, but the BLP denied the referral. Also, Back's requests for a subsequent storage container in which to store his disability-related equipment, *i.e.*, a medical box, were denied for over a year. Citing these denials, Back alleged that the defendants violated his rights under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) and sought compensatory and punitive damages. He also alleged that defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, and that they violated his rights to due process and equal protection under the law. The district court found that Back had exhausted his ADA and RA claims, that he was a qualified disabled person, and that he had in fact been denied a visit to the BLP and denied access to a medical box. It determined, however, that the undisputed evidence in this case showed that the denials were due to negligence at most, not intentional discrimination, and dismissed Back's claims on summary judgment. Back timely appealed.

II

As a preliminary matter, we will address the various motions that Back has filed in this court. His motion to file a supplemental reply brief is granted. His motion to strike the Texas Department of Criminal Justice's (TDCJ) appellate brief is denied. Back also seeks a temporary restraining order (TRO) and a preliminary injunction (PI) pending appeal. This request, however, has to do with his transfer from the Hughes Unit to the Powledge Unit and the difficulty he has had in obtaining a medical box at the Powledge Unit. Because

No. 15-50982

Back's transfer to and the events at the Powledge Unit are not the subject of the instant complaint, the motion for a TRO and a PI is denied.

III

The following is a list of the district court's rulings that are not specifically challenged by Back on appeal. (1) To the extent that Back sued the defendants for damages in their official capacities, his claims under § 1983 were barred by the Eleventh Amendment. (2) To the extent that back sought declaratory and injunctive relief under § 1983 from the defendants in their official capacities, his claims were rendered moot by his transfer from the Hughes Unit to the Powledge Unit. (3) Back's § 1983 claim for a due-process violation by Pollard and Smith in handling his prison grievances failed because there is no constitutional right to a grievance procedure. (4) Back failed to articulate any specific facts or present any evidence to support a claim of an equal-protection violation. Although we construe pro se briefs liberally, arguments must be briefed to be preserved. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to point to any error in the district court's reasons for these rulings, Back has abandoned any challenge to these rulings. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

IV

We review a summary judgment de novo. *See Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "We construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal quotation marks and citation

omitted). However, "[a]t the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *See Scott v. Harris*, 550 U.S. 372, 380 (2007). The non-movant "must come forward with specific facts showing there is a genuine issue for trial." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks, citation, and emphasis omitted).

A

Title II of the ADA provides that individuals with disabilities shall not "be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011) (quoting 42 U.S.C. § 12132). Where the ADA prohibits discrimination by public entities, including private employers, "[t]he RA prohibits discrimination in federally-funded programs and activities." *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) (citing 42 U.S.C. § 12131(1) and 29 U.S.C. § 794(a)). "The RA and the ADA are judged under the same legal standards, and the same remedies are available under both Acts." *Kemp*, 610 F.3d at 234. Thus, because the legal standards applying to Title II of the ADA also apply to RA claims, *see id.*, a plaintiff raises a viable claim under either by alleging that (1) he has a qualifying disability; (2) he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) he is being discriminated against by reason of his disability. *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

Back's claims under the ADA and the RA stemmed from the BLP's September 2012 denial of a referral made by a doctor on the Hughes Unit for replacement footwear and by the delay of more than a year in the issuance of a medical subsequent storage box while Back was housed at the Hughes Unit.

No. 15-50982

With respect to these claims, the district court determined that there was no genuine dispute that Back was a qualified person under the ADA and that he had been denied a benefit or service in each instance.  After a de novo review of the summary-judgment evidence, however, and viewing that evidence in the light most favorable to Back, we concur with the district court that the evidence showed, at most, that the denials in question were caused by negligence on the part of the BLP staff who denied the referral and by confusion amongst the Hughes Unit staff as to the procedure for obtaining a medical box.  *See Dillon*, 596 F.3d at 266; *Cousin*, 325 F.3d at 637.  Because Back failed to overcome that evidence with his own evidence showing intentional discrimination that was based on his physical disability, summary judgment was properly granted on his ADA and RA claims.  *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Hale*, 642 F.3d at 499; *Delano-Pyle v. Victoria Cty., Tex.*, 302 F.3d 567, 575 (5th Cir. 2002) (to recover on a claim for compensatory damages under the ADA or the RA, a plaintiff must make "a showing of intentional discrimination"); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (conclusory allegations are not competent summary judgment evidence and therefore are insufficient to defeat a motion for summary judgment).

B

Pursuant to the Eighth Amendment's prohibition against cruel and unusual punishment, prisoners are entitled to receive "adequate" medical care. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).  A prison official violates the prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 103-06 (1976).  A prisoner must establish that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard

for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

The summary-judgment evidence shows that Back was seen and treated regularly, both on the Hughes Unit and in the BLP clinic, for various medical issues having to do with his disability. The one-time, negligent denial of a referral by a BLP staff member, which resulted in a delay in treatment instead of an outright denial of treatment, does not rise to the level of deliberate medical indifference. *See Gobert*, 463 F.3d at 346. Additionally, although Pollard and Smith answered Back's grievances, neither was involved in his medical treatment, and the evidence showed that neither had the authority to order medical treatment, order a medical box, or refer Back to the BLP. Without any personal involvement by those two defendants, Back's § 1983 claims could not succeed as a matter of law. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Accordingly, Back has not shown any error in the district court's grant of summary judgment on his claims of deliberate medical indifference.

V

The judgment of the district court is AFFIRMED.