# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40606
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 31, 2017

Lyle W. Cayce
Clerk

JALIL RAJAII FLOYD,

Plaintiff-Appellant

v.

UNKNOWN NURSE ASSISTANT; UNKNOWN DEPUTY,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-174

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jalil Rajaii Floyd, now Texas prisoner # 572644, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 lawsuit against an unnamed deputy at the Brazoria County Jail for deliberate indifference to his serious medical needs while he was a pretrial detainee. Although he also appears to renew his deliberate indifference claims against an unnamed nurse assistant, he did not file a timely notice of appeal from the district court's order dismissing those

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims.  Accordingly, his appeal of those claims is dismissed for lack of jurisdiction.  *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); FED. R. APP. P. 4(a)(1).

We review the district court's grant of summary judgment de novo. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).  Floyd renews his allegations that his constitutional rights were violated when the deputy helped the nurse remove the plastic splint he had received at the emergency room to stabilize his fractured ankle, replacing it with an Ace bandage, and when he was placed in an isolation cell without a wheelchair for four days.  He briefs no argument renewing his claim that he was incorrectly given Ibuprofen instead of morphine and has thus abandoned the claim.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

As the district court determined, the undisputed summary judgment evidence shows that the deputy was not deliberately indifferent to any serious medical need when he allegedly helped the nurse assistant remove the splint from Floyd's ankle at some point on February 23, 2014, and replace it with an Ace bandage until his appointment with an orthopedist two days later.  The record does not support that the deputy was aware that Floyd faced a substantial risk of serious harm, or that he ignored that risk by replacing the splint with a bandage, or that he intended for Floyd to be harmed.  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009); *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994).  There was no open ankle injury, nor was there a definitive diagnosis of fracture.  Even if the deputy suspected an ankle fracture, there is no indication that he understood the fracture to present a substantial risk of serious harm and ignored that risk by removing the splint and replacing it with a bandage, particularly as Floyd's medical records show that radiologists had

No. 16-40606

recommended removal of the splint prior to taking additional x-rays. *See Farmer*, 511 U.S. at 837; *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000). Further, there is no competent summary judgment evidence to show that the deputy subjectively intended that Floyd suffer harm. Floyd's own conclusional assertions to that effect are insufficient to withstand summary judgment. *Carnaby v. City of Houston*, 636 F.3d 183 187 (5th Cir. 2011). At most, the decision to remove the splint and replace it with an Ace bandage was negligence or a failure to ascertain a perceptible risk, which does not give rise to a constitutional claim, rather than deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Regarding the alleged denial of a wheelchair, Floyd abandons by failing to brief any argument challenging the district court's determination that he failed to allege or demonstrate that the deputy was personally involved in the decision to deny him a wheelchair; this failure is fatal to his claim. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (observing that "[p]ersonal involvement is an essential element of a civil rights cause of action"). Additionally, the claim was properly dismissed for lack of any alleged injury resulting from the delay or denial of a wheelchair. *See Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308-09 (1986).

Accordingly, the district court's order granting summary judgment is affirmed. Floyd's motion to supplement his reply brief is denied.

AFFIRMED IN PART; DISMISSED IN PART; MOTION DENIED.