# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2022

Lyle W. Cayce
Clerk

No. 21-40024
Summary Calendar

James E. Wilson,

*Plaintiff—Appellant*,

*versus*

Andrew H. Nino; Benjamin P. Brako; John R. Delapp, Jr.;
Daniel P. Fernandez,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CV-394

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

James E. Wilson, Texas prisoner # 1842956, has appealed the district court's order denying his motion for summary judgment; granting the motion for summary judgment of defendants Sergeant Andrew H. Nino;

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40024

Sergeant Benjamin P. Brako; Major John R. DeLapp, Jr.; and Assistant Warden Daniel P. Fernandez, all employees at the McConnell Unit of the Texas Department of Criminal Justice, Institutional Division; and denying his request for injunctive relief as moot.

In his complaint, Wilson alleged that Nino, Brako, and DeLapp retaliated against him for complaining through the grievance process that he was sexually assaulted by another inmate and alleged that Fernandez had failed to intervene in the wrongful acts of the other defendants. He complained that the defendants extended his stay in prehearing/security detention, wrongfully charged him with disciplinary violations, removed him from safekeeping custody, and returned him to the general population.

We review de novo a grant of summary judgment, applying the same standard as the district court. *Nickell v. Beau View of Biloxi, LLC*, 636 F.3d 752, 754 (5th Cir. 2011). "The [district] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We "draw all reasonable inferences in favor of the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (internal quotation marks and citations omitted). Where, as here, a qualified immunity defense is pleaded, the burden shifts to the plaintiff to rebut it by establishing a genuine issue as to whether the defendants' allegedly wrongful conduct violated a clearly established constitutional right. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

"To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The prisoner must show that, but for the retaliatory motive, the incident

complained of would not have occurred. *Id.* A claim of retaliation must be supported by direct evidence or a chronology of events from which retaliation can be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Wilson's arguments are conclusory and are not supported by citations to the record. *See* FED. R. APP. P. 28(a)(8)(A); 5TH CIR. R. 28.2.2 (requiring record citations). Several of Wilson's arguments—including that he was defamed, that he was harassed and assaulted after his complaint was dismissed, and that his right to due process was violated during disciplinary proceedings—were raised for the first time on appeal. Therefore, we do not consider them. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Although the brief is not in compliance with the rules, pro se briefs are liberally construed, and Wilson's arguments have been expressed with sufficient particularity, although they are without merit. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

The summary judgment evidence does not show that there is a genuine fact issue as to whether Brako, DeLapp, and Nino intended to retaliate against Wilson for exercising a constitutional right. *See McDonald*, 132 F.3d at 231. Nor is there a genuine fact issue as to causation. *Id.* Wilson has also not shown that there is a genuine issue of fact as to Fernandez's personal involvement in any constitutional violation. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Because Wilson has not shown that the defendants violated his constitutional rights, he has not met his burden of overcoming their qualified immunity defense. *See Brown*, 623 F.3d at 253. Wilson's motion for appointment of counsel is DENIED, and the district court's order and judgment are AFFIRMED.