# United States Court of Appeals
# for the Fifth Circuit

————————————

No. 23-11109
Summary Calendar

————————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2024

Lyle W. Cayce
Clerk

Lonnie Kade Welsh,

*Plaintiff—Appellant*,

*versus*

Stephen Thorne, Ph.D.,

*Defendant—Appellee*.

———————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:21-CV-156

———————————————————————————

Before Smith, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Lonnie Kade Welsh, formerly Texas prisoner # 2201624, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted. Through his complaint and responses to a court questionnaire, Welsh alleged that Dr. Stephen Thorne's report regarding his psychological

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

examination of Welsh, which was submitted to the state court as part of a biennial examination of Welsh's civil commitment as a sexually violent predator, violated his Fourth Amendment right to be free from unreasonable seizures and his Fourteenth Amendment right to substantive due process. Welsh's motion for consideration of his appellate brief is GRANTED.

Welsh's IFP motion constitutes a challenge to the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *see also* FED. R. APP. P. 24(a). The inquiry into an IFP movant's good faith is "limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). Our review of the district court's dismissal of Welsh's complaint is de novo. *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011).

In his IFP motion and briefs, Welsh challenges the district court's dismissal of his Fourth Amendment claim as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and, alternatively, as lacking merit. He argues that his claim was not barred under *Heck* because state law does not require the presiding judge to have any evidence to deny a biennial review and because a civil rights violation would at most institute further proceedings and would not authorize his release. He also contends that Thorne manipulated the proceedings through his allegedly false report, and thus Thorne caused the deprivation of his rights. However, Welsh has not raised a nonfrivolous argument because (1) if Thorne's report directly caused Welsh's continued confinement, it was barred under *Heck* because a judgment in Welsh's favor would necessarily imply that the October 2020 biennial review or the commitment order was invalid; and (2) if Thorne's report did not directly result in his continued confinement, Welsh has not alleged a viable Fourth Amendment unreasonable seizure claim against Thorne. *See Heck*, 512 U.S. at 487; *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

No. 23-11109

Welsh also renews his argument that Thorne's report violated his right to substantive due process on several grounds. Moreover, he argues that this claim should be evaluated under the standard set out in *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982), rather than the standard set out in *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998). He contends that Thorne's report was fraudulent and violates his right to substantive due process under either standard, and that the "sham hearing" conducted using Thorne's report also violated his right to procedural due process. However, Welsh failed to allege facts demonstrating a substantive due process violation under either standard. *See Youngberg*, 457 U.S. at 321; *Lewis*, 523 U.S. at 847. Welsh's disagreement with his initial diagnosis without flagging any change in his behavior for purposes of the biennial review does not raise a nonfrivolous issue indicating that Thorne's thorough analysis—which was presumptively valid under *Youngberg* and which included an examination of his criminal history, his other relevant behavior, mitigating factors, and his current scores on psychological and actuarial assessments—deviated from accepted professional judgment or shocked the contemporary consciousness. *See Youngberg*, 457 U.S. at 321, 323; *Lewis*, 523 U.S. at 847. Further, Welsh does not identify any error in, and thus abandons any challenge to, the district court's rejection of his allegation that Thorne, through his report, violated Welsh's right to procedural due process. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Finally, Welsh argues that the *Rooker-Feldman*[1] doctrine does not deprive the district court of jurisdiction. However, although the magistrate

---

[1] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

judge made an alternative determination that Welsh's claims were barred under this doctrine, the district court declined to address the issue.

Because Welsh fails to show that his appeal raises a nonfrivolous issue, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

We have previously warned Welsh that he would face sanctions if he continued to file frivolous or repetitive pleadings. *See Welsh v. McLane*, No. 23-50912, 2024 WL 1008593, at *1 (5th Cir. Mar. 8, 2024) (unpublished); *Welsh v. Abbott*, No. 23-50492, 2023 WL 8804578, at *1 (5th Cir. Dec. 20, 2023) (unpublished); *Welsh v. McLane*, No. 20-10412, 2021 WL 5313626, at *1-2 (5th Cir. Nov. 15, 2021) (unpublished). In our most recent opinion, we also imposed a $100 sanction and directed Welsh to review all pending matters and to move to dismiss any that are frivolous, repetitive, or otherwise abusive. *Welsh*, 2024 WL 1008593, at *1. Because Welsh has ignored our warnings, IT IS ORDERED that a SANCTION IS IMPOSED. Welsh is ORDERED to remit a sanction in the amount of $100, payable to the clerk of this court. Welsh is also BARRED from filing any pleading in this court, or in any court subject to this court's jurisdiction, until that sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such pleading. Welsh is further CAUTIONED that any future frivolous or repetitive filings in this court, or any court subject to this court's jurisdiction, will subject him to additional sanctions. He is again DIRECTED to review all pending matters and to move to dismiss any that are frivolous, repetitive, or otherwise abusive.