# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2025

Lyle W. Cayce
Clerk

————————

No. 25-40103

————————

Victor Andrew Apodaca,

*Plaintiff—Appellant*,

*versus*

John Legard; Sean Garren; Enuel Engoro; Toby Davis; Emmanuel Antwi; Andrew Hudson; Unknown Unknown, *Correctional Officer, Michael Unit*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:23-CV-156

———————————————————————

Before Graves, Ho, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Victor Andrew Apodaca, Texas prisoner # 02143720, moves to proceed in forma pauperis (IFP) on appeal following the summary judgment dismissal of his 42 U.S.C. § 1983 civil rights action. By moving to proceed IFP in this court, Apodaca challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

(5th Cir. 1997). Our inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983) (citation modified).

As to his claim based on use of a chemical agent, Apodaca contends in his IFP pleadings that excessive force was used because the sprays were directed toward his face. He also asserts that the use of the chemical agent was contrary to prison policy because less than five minutes elapsed between applications of the agent. The latter contention is unavailing because the failure to follow prison policy, standing alone, does not amount to a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Even if Apodaca's pro se contentions are liberally construed as a challenge to the district court's qualified immunity determination, he fails to show that there is a nonfrivolous issue for appeal as to this claim. *See Cope v. Cogdill*, 3 F.4th 198, 204–06 (5th Cir. 2021).

As to his excessive force claims concerning the use of a five-man team and occurrences in a hallway prior to a forced strip search, even with the benefit of liberal construction, Apodaca fails to brief any challenge to the district court's determination that the defendants were entitled to qualified immunity. His failure results in waiver of this dispositive issue. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

To the extent that Apodaca argues that the strip search was not in compliance with prison policy and violated his constitutional rights in the manner it was conducted, his contentions do not raise a nonfrivolous issue for appeal. *See Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017); *Oliver v. Scott*, 276 F.3d 736, 743–44 (5th Cir. 2002). As to his claim of bystander liability, as well as his claim that the video camera was turned off to avoid capturing the defendants' constitutional violations,

Apodaca has abandoned the claims by failing to brief them. *See Yohey,* 985 F.2d at 22425.

Apodaca's contention that the district court should not have granted summary judgment on certain claims due to the defendants' failure to address the claims does not raise a nonfrivolous issue. *See Ortega Garcia v. United States*, 986 F.3d 513, 524 n.27 (5th Cir. 2021). To the extent that Apodaca argues that summary judgment was improper on account of noncompliance with an order of the magistrate judge to provide medical records and an affidavit from a healthcare provider, Apodaca fails to make an arguable showing that he meets the applicable plain error standard, and he again fails to raise a nonfrivolous issue for appeal. *See Crawford v. Falcon Drilling Co.*, 131 F.3d 1120, 112324 (5th Cir. 1997).

As to his claim regarding the conditions of his confinement, because Apodaca makes no effort to dispute the district court's determination that he failed to establish the personal involvement of any defendant, he has waived this dispositive issue. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Finally, Apodaca has not shown that there arguably is a genuine dispute as to any material fact regarding whether he has established a serious medical need, and he therefore fails to demonstrate that there is a nonfrivolous issue for appeal as to his denial-of-medical-care claim. *See Gibson v. Collier*, 920 F.3d 212, 219 (5th Cir. 2019).

In view of the foregoing, Apodaca's IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Our dismissal of the appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). We WARN Apodaca that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal

No. 25-40103

filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).