# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2014

Lyle W. Cayce
Clerk

No. 12-51068

MARK DAVID SIMMONS,

Plaintiff-Appellant

v.

HAYS COUNTY SHERIFF'S DEPARTMENT, 22nd District; JOHN CAVENAUGH; INSPECTOR BRUCE BOARDMAN; JAMIE PAGE; JOHN CHUDLEIGH,

Defendants-Appellees

---

Consolidated w/ 13-50290

MARK DAVID SIMMONS,

Plaintiff-Appellant

v.

JESSE HERNANDEZ; SUSAN HENRY; GARY CUTLER; BRAD ROBINSON; JULIE VILLALPONDO,

Defendants – Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-343
USDC No. 1:11-CV-976

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mark David Simmons, now Texas prisoner # 01775527, appeals the summary judgments granted by the district court in two civil rights cases that he filed against various officials and employees of the Hays County jail, alleging that the defendants violated his constitutional rights while he was a pretrial detainee at the jail. Simmons's motion to consolidate the cases on appeal is GRANTED. To the extent, however, that Simmons attempts to incorporate pleadings he filed in the district court by reference into his appellate briefs, he may not do so. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). In addition, we do not consider claims raised in his briefs concerning his criminal case, the alleged ineffective assistance of his trial counsel and appellate counsel in his criminal case, or actions taken by the Texas Department of Criminal Justice (TDCJ) since his post-conviction incarceration as those claims were not the subject of the instant civil rights suits.

We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a).

Simmons sued the defendants named in his first 42 U.S.C. § 1983 suit only in their individual capacities. Accordingly, Simmons's allegations concerning three detainees' deaths at the jail in an apparent attempt to establish an unconstitutional custom or policy on the part of the jail need not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51068 cons w/ No. 13-50290

be considered. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In addition, to the extent that Simmons's request for "reprimands" for the defendants can be construed as a request for declaratory or injunctive relief, that request has been rendered moot by his transfer from the Hays County jail to TDCJ. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Because Simmons has not addressed the dismissal of his claim against the Hays County Sheriff's Office, any challenge to that dismissal has been abandoned. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Yohey*, 985 F.2d at 224-25.

In his first civil rights suit, Simmons claimed that the defendants violated the First and Fourteenth Amendments by attempting to hydrate him with intravenous fluids while he was on a hunger strike to protest jail conditions; violated his right to access to courts; denied him adequate medical care; subjected him to unconstitutional conditions of confinement; and subjected him to excessive force. The district court did not err in finding that the defendants were qualifiedly immune with respect to those claims. *See Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Because Simmons fails to address the district court's reasons for granting summary judgment with respect to his claim that Sheriff Deputy Bobby Ramirez used excessive force against him, that claim has been abandoned. *Haines*, 404 U.S. at 520-21; *Yohey*, 985 F.2d at 224-25.

The district court also granted summary judgment with respect to Simmons's second civil rights suit, which sought punitive damages and reprimands for the defendants, after considering whether the defendants named in that suit were liable in either their individual or official capacities. The Eleventh Amendment bars Simmons's suit for damages, however, against officials in their official capacity, *Oliver v. Scott*, 276 F.3d 736, 743 (5th Cir. 2002), and, for the reason noted above, any request by Simmons for declaratory

3

or injunctive relief has been rendered moot. Accordingly, we consider only whether the district court erred in granting the defendants' summary judgment motion with respect to Simmons's claims against them in their individual capacities for punitive damages. Under our precedent, "punitive damages may be awarded [to a civil rights plaintiff] only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights." *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003).

Notably, Simmons fails to address or fails to adequately brief the district court's reasons for denying his claims for relief based upon his assertions and arguments that prison officials were opening and copying his legal mail and e-mail, that female officers were able to observe him in administrative segregation on video-surveillance cameras, that his right to equal protection was violated, and that his administrative segregation cell was not compliant with the Americans with Disabilities Act. Accordingly, those claims have been abandoned. *See Haines*, 404 U.S. at 520-21; *Yohey*, 985 F.2d at 224-25. As Simmons also does not address the dismissal of Judge Bill Henry from the second suit, any challenge to the dismissal of Judge Henry has been abandoned. *See Haines*, 404 U.S. at 520-21; *Yohey*, 985 F.2d at 224-25.

Our review of the summary judgment record confirms that the district court was correct in concluding that the defendants named in Simmons's second civil rights suit were qualifiedly immune from the punitive damages claims against them. *See Williams*, 352 F.3d at 1015; *see also Farmer*, 511 U.S. at 847; *Baranowski v. Hart*, 486 F.3d 112, 124 (5th Cir. 2007); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *Thompkins*, 828 F.2d at 304; *Thompson*, 709 F.2d at 382. Accordingly, the district court's summary judgments are affirmed.

No. 12-51068 cons w/ No. 13-50290

We note that while Simmons's appellate brief in No. 13-50290 addresses some of the claims that were the subject of his second civil rights suit, it also raises a litany of complaints that are unsupported and, in many instances, wholly unrelated to this appeal, including derogatory comments about how the defendants dress for work, matters that predate his incarceration at the Hays County jail, matters relating to his criminal trial, and events relating to his post-conviction incarceration at TDCJ. Simmons is warned that future filings that are deemed frivolous by the district court or this court will result in the imposition of strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). He is further warned that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action while incarcerated or detained unless he is in imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION TO CONSOLIDATE GRANTED.