# United States Court of Appeals for the Fifth Circuit

No. 21-11253

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2022

Lyle W. Cayce
Clerk

THEODORE STREATER,

*Plaintiff—Appellant*,

*versus*

LORIE DAVIS; UNKNOWN MILLER, *Captain*; UNKNOWN FLORES, *Officer*; UNKNOWN HARRIS; UNKNOWN EARNEST, *Chaplain*; UNKNOWN REIMER; UNKNOWN REBBER; K. VASQUEZ, *Sergeant*; UNKNOWN AYNES, *Lieutenant*; ANTHONY COBB; UNKNOWN TELFORD EMPLOYEES; FNU LNU-269, *One Unknown Classification Officer*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CV-263

Before ELROD, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-11253

Theodore Streater, Texas prisoner # 1430922, seeks to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983 for failure to state a claim.

Pursuant to the Federal Rules of Appellate Procedure, this court may entertain a motion to proceed IFP when the litigant has been denied leave to proceed IFP by the district court. Fed. R. App. P. 24(a)(5). By moving for IFP status, Streater is challenging the district court's denial of leave to proceed IFP on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To proceed IFP, the litigant must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). An appeal presents nonfrivolous issues when it raises legal points that are arguable on the merits. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). If the appeal is frivolous, we may dismiss it sua sponte. 5th Cir. R. 42.2; *see Baugh*, 117 F.3d at 202 & n.24.

Dismissals under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim are reviewed in the same way as dismissals under Federal Rule of Civil Procedure 12(b)(6). *Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016). A complaint fails to state a claim on which relief may be granted when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

To succeed on a retaliation claim, a prisoner must establish "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

No. 21-11253

While Streater claims that he was transferred from one prison unit to another in retaliation for filing a lawsuit, he has failed to allege causation (a) because he failed to allege facts to allow the inference that he was transferred because of his lawsuit and (b) because his transfer occurred four years after he filed his lawsuit and more than one year after he successfully appealed the district court's dismissal of said lawsuit. Moreover, there are insufficient factual allegations in the complaint to allow the court to draw the inference that he was transferred because of a pretextual heat related condition. Accordingly, Streater does not have a non-frivolous argument that the district court erred in dismissing his retaliation claim. *See id.*; *Howard v. King*, 707 F.2d at 220.

To show deliberate indifference, a prisoner must show that the prison official was aware that the inmate faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). While Streater alleges that medical staff member Anthony Cubb was deliberately indifferent to his serious medical needs when his medical restrictions were removed without an examination, he has failed to allege facts that, if true, would establish that Cubb acted with more than mere negligence. *See Iqbal*, 556 U.S. at 678. Negligence does not constitute deliberate indifference. *See Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022). Moreover, he failed to state a claim against Classification Supervisor Harris because supervisory officials are not liable for the actions of subordinates. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Accordingly, Streater does not have a non-frivolous argument that the district court erred in dismissing his deliberate-indifference claim. *See Howard*, 707 F.2d at 220.

Because Streater has not demonstrated a nonfrivolous issue for appeal, the IFP motion is DENIED and the appeal is DISMISSED as frivolous. *See* Fed. R. App. P. 24(a); 5th Cir. R. 42.2.